# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**BARBARA (JEANA) WALTON**

       **Plaintiff,**

**v.**                                                    **CIV No. 01-1337 LH/DJS**

**WASTE MANAGEMENT OF NEW MEXICO, INC., a corporation,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Leave to Supplement Complaint to Add a Claim for Spoliation of Evidence to Claims Already Asserted (Docket No. 34). The Court, having considered the motion and briefs of the parties as well as applicable caselaw, concludes that Plaintiff's motion shall be **granted.**

## Discussion

Plaintiff filed her complaint for discrimination based on sex and race on November 27, 2001. On October 29, 2002 United States Magistrate Judge Svet entered an order that contained a discovery deadline of November 27, 2002, and motions deadlines in January 2003. Specifically, he set the substantive motion deadline for January 10, 2003. He also set the Pre-Trial Order filing

1

deadline for February 28, 2003.

Plaintiff's motion was filed on December 2, 2002.  In it, she states that, during depositions taken on November 21 and 22, 2002, she learned for the first time that Defendant destroyed documents that were relevant and necessary to her case, during the time that Defendant knew of her claims, therefore giving rise to a claim for intentional spoliation of evidence.  Specifically, Plaintiff states that she learned for the first time that all applications, resumes and cover letters received in response to Defendant's advertisements of the position of Human Resources Manager were destroyed.  She contends that these materials were destroyed, at earliest, in June 2001, which would have been nearly two months after the EEOC mailed her charge to Defendant.  Her charge included allegations that she was discriminated against in hiring because Defendant downgraded the position and hired her in a lower position at a lower pay upon seeing that she is African American.  Plaintiff asserts that she was not informed that the position was not a managerial one until she appeared in person for an interview.  In her motion, Plaintiff elaborates upon the detriment in this lawsuit she claims, due to these missing documents.

Defendant states that in responding to an interrogatory, it discovered Defendant's standard policy of destroying records regarding applicants one year after completion of the application.  On October 7, 2002, in its response, although Defendant stated that it was only able to identify two applicants to whom offers of employment were made, Plaintiff made no further inquiry on the subject and did not request clarification.  Defendant protests the untimeliness of this motion, which was filed a year after the filing of the complaint and nearly two months after their response to interrogatories.  Defendant also disputes the applicability of Rule 15(d) to this situation, arguing that this portion of the rule only applies to events that occurred subsequent to commencement of the action.  Finally,

Defendant argues that the motion should be denied because the proposed new claim is futile and subject to dismissal, based upon Plaintiff's failure to allege that Defendant acted with the requisite intent.

Plaintiff's motion is brought pursuant to Rule 15(d) which permits service of a supplemental pleading "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."  Plaintiff seeks to supplement her complaint, yet is unable to establish that the alleged destruction of evidence occurred in the period of time after she filed her complaint on November 27, 2001.  The Court believes the action for which Plaintiff seeks permission is more accurately an amendment to the complaint, as provided for by Rule 15(a).  This portion of the rule provides that a party may amend a pleading by leave of court and that "leave shall be freely given when justice so requires."   The decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion.  *See Woolsey v. Marion Laboratories, Inc*., 934 F.2d 1452 1462 (10th Cir. 1991).  Courts generally consider a variety of factors when deciding motions for leave to amend, including prejudice to the non-moving party, untimeliness, and knowledge of the facts upon which the amendment is based. *Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

The direction to the court that leave to amend shall be granted "when justice so requires" in practice places the burden on the party opposing the amendment to demonstrate why the amendment should not be permitted.  *Foman v. Davis*, 371 U.S. 178 (1962).  In this case, I am convinced that Defendant has not sufficiently met this burden.

Although this motion was filed more than a year after filing of the original complaint, it was filed  nine or ten days after the deposition at which Plaintiff first learned of destruction of potentially

relevant documents.  The motion was filed nearly two months after Defendant's response to interrogatories, however I am unable to conclude that Plaintiff acted unreasonably or in an untimely manner by not raising the spoliation of evidence issue at the time that she received these responses.

Defendant has not established that this issue would have been apparent to Plaintiff at the time she received the responses to interrogatories.  Defendant has certainly not indicated that it disclosed to Plaintiff its "standard policy of destroying regarding applicants" at that time.

Finally, while it is certainly possible that Plaintiff's spoliation claim may not survive a dispositive motion, I am unable to conclude at this juncture that this amendment is futile.

This case is not yet calendared for trial with the undersigned judge.  In light of this ruling, the parties are hereby instructed to address the issue of appropriate extensions to current discovery and motion deadlines with the assigned Magistrate Judge, in order to eliminate undue prejudice to Defendant.

**WHEREFORE**, for the reasons herein stated, Plaintiff's Motion for Leave to Supplement Complaint to Add a Claim for Spoliation of Evidence to Claims Already Asserted (Docket No. 34) is **granted**.  Plaintiff is instructed to incorporate "Count V – Intentional Spoliation of Evidence" into a First Amended Complaint and to file this new pleading with the Court within ten days of entry of this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

4