# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

BARBARA (JEANA) WALTON,

        Plaintiff,

v.

WASTE MANAGEMENT OF NEW
MEXICO, INC., a corporation,

        Defendant.

CIV NO. 01 1337 LH/WDS

## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Comes now Plaintiff, through her counsel of record, and hereby submits this Motion for Attorneys' Fees pursuant to 42 U.S.C. § 1988(b), 42 U.S.C. § 2000e-5, and D.N.M. LR-Civ 54.5. By virtue of the nature of the Judgment obtained in Plaintiff's favor on her claims of discrimination and retaliation in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000 et seq., Plaintiff is the prevailing party and is therefore entitled to an award of *reasonable attorneys' fees and costs, together with post-judgment interest on that award*. To date, Plaintiff has incurred reasonable attorneys' fees in the amount of $205,470. Accordingly, Plaintiff requests the Court to award her that amount in full.[1]

---

[1] Plaintiff has filed concurrently herewith her Motion to Tax Costs and pursuant to D.N.M. LR-Civ 7.1 incorporates by reference that motion herein. To the extent costs itemized there are denied under Rule 54, 28 U.S.C. § 1920, or 28 U.S.C. § 1821, Plaintiff requests the Court to grant those costs as fees to the extent permitted by 42 U.S.C. § 1988. *See Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir. 1983)("items normally itemized and billed in addition to the hourly rate should be included in fee allowances in civil rights cases if reasonable in amount").

A copy of the affidavits of Whitney Warner, Christopher M. Moody, and Repps D. Stanford, along with all supporting time records, are attached to this Motion as Exhibits 1, 2, 3 and 4 respectively. Plaintiff also attaches to this Motion the affidavits of local attorneys J. Douglas Foster, Esq. (Exhibit 5) and William C. Madison, Esq. (Exhibit 6) in further support of Plaintiff's fee request. Plaintiff has filed concurrently herewith a Memorandum in support of this Motion pursuant to D.N.M. LR-Civ. 54.5(a). Because further post-trial work remains in this case, Plaintiff will continue to supplement her fee requests on a periodic basis.

**WHEREFORE** Plaintiff respectfully requests the Court to grant in full Plaintiff's request for attorneys' fees incurred to date in the amount of $205,470, to allow Plaintiff to supplement in full and to submit additional attorneys' fees requests for the on-going work that continues in this case, and to award Plaintiff the full amount of all supplemental attorneys' fees requests submitted hereafter.

Respectfully submitted,

MOODY & WARNER, P.C.

By_____
Whitney Warner
Christopher M. Moody
Repps D. Stanford
4169 Montgomery Blvd NE
Albuquerque, New Mexico 87109
(505) 944-0033
ATTORNEYS FOR PLAINTIFF

We hereby certify that we have served via mail
a true and correct copy of the foregoing pleading
upon the following opposing counsel of record
this ___ day of May, 2004:

Lorna M. Wiggins
Wiggins, Williams & Wiggins
P. O. Box 1308
Albuquerque, NM 87103

Jill Chasson, Esq.
Brown & Bain
P. O. Box 400
Phoenix, AZ 85001

MOODY & WARNER, P.C.

By _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

BARBARA (JEANA) WALTON,

      Plaintiff,

v.

      CIV NO. 01 1337 LH/WDS

WASTE MANAGEMENT OF NEW
MEXICO, INC., a corporation,

      Defendant.

## AFFIDAVIT OF WHITNEY WARNER

STATE OF NEW MEXICO  )
                                ) ss.
COUNTY OF BERNALILLO )

Whitney Warner, being first duly sworn upon her oath, hereby deposes and states:

1. I, along with co-counsel, represent the Plaintiff, Barbara Jeanna Walton, in the above-styled cause. I make this affidavit for the purpose of presenting information to the Court in support of Plaintiff's Motion for Attorneys' Fees and Costs under 42 U.S.C. 2000e-5(k) and 42 U.S.C. § 1988.

2. In May 1998, I received my Juris Doctorate, Magna Cum Laude, from the University of New Mexico School of Law where I received awards for excellence in Advocacy, Labor Law, Employment Law, Ethics, Remedies and Criminal Law and was elected to the Order of the Coif.

1


EXHIBIT 1

3. I have been licensed to practice law in the State of New Mexico since October 1998, and have practiced law continuously in New Mexico since that time.

4. Prior to attending law school, I worked in Human Resources for a number of employers for over 3 years where I devoted a considerable amount of my time in maintaining and ensuring compliance with employment and civil rights laws and regulations, including 42 U.S.C. § 1981 and 42 U.S.C. § 2000 et seq.

5. Prior to working in Human Resources I obtained a bachelor's degree in Business Administration with a concentration in Human Resources. I also completed one year of master's work in Organizational Management which also covered employment law. Since 1998, I have been engaged in private practice, limiting my practice primarily to employment law and civil rights work, for both employers and plaintiffs. I have had occasion to handle a number of items of civil litigation in both state and federal district courts, and in state and federal appellate courts.

6. I am a member of the State Bar of New Mexico and was the Board Chair for the Labor and Employment Law Section from October 2002 until October 2003. I am a member of the American Bar Association (including the Labor and Employment Law Section), New Mexico Trial Lawyers Association, and am a Board Member and have served as Vice President and Legislative Activities Specialist for the Human Resource Management

Association. I have been a member of the Society for Human Resource Management since 1998 and serve on the New Mexico State Council as Director of Legislative Activities since 2000. I am also certified as a Senior Professional in Human Resources (SPHR).

7. I was lead counsel in this case from the commencement of its filing. I worked on all aspects of the litigation and prevailed on four civil rights claims in this case. In addition to this case, I have tried a number of civil rights cases to juries in both state and federal court, and have litigated and settled numerous other such cases subsequent to discovery and dispositive motions, and prior to trial. I have briefed and argued civil rights cases and issues in the Tenth Circuit Court of Appeals and in the New Mexico Court of Appeals.

8. During the almost six years of my law practice, I have regularly written, participated in, and lectured at numerous local and national seminars and CLE programs concerning employment issues and civil rights law and litigation.

9. I am personally knowledgeable regarding the market for attorneys in the Albuquerque area. The rate of $200.00 per hour is well within the market range for lead counsel in a Federal jury employment law case.

10. An award to me in this matter of $200.00 per hour is a very reasonable award given the contingent risk of cases such as this, my involvement as lead counsel, my particular expertise and my knowledge

of hourly rates for lawyers of comparable skill and experience handling similar types of complex federal litigation, my knowledge of the current prevailing hourly rates in the New Mexico legal community for comparable complex litigation services, and my understanding of the hourly rates Defendant's numerous out of state counsel charged for the same legal services they rendered in this case. By way of example, I know that attorney Kristin Morgan-Tracy was awarded $200.00 per hour in a Title VII hostile work environment claim by United States Magistrate Judge Richard Puglisi, sitting as a stipulated Article 3 Judge in <u>Chavez v. Thomas Betts Corp. et al.</u>, CIV NO. 01-1314 RLP/WDS, even though Ms. Morgan-Tracy was not lead trial counsel in the case and even though the plaintiff in that case ultimately prevailed on only one civil rights claim.

11. I have kept accurate time records throughout my participation in this case contemporaneously with the time spent. To date, I have spent 611.7 hours working on this case. The hours I have spent working on this case were conservatively billed, reasonable, and necessary.

12. I believe that my background, knowledge, experience, skill, normal billable rates, the market rates of attorneys of similar skill and experience, together with the ultimately successful litigation of both Ms. Walton's 42 U.S.C. § 1981 discrimination and retaliation claims and her 42 U.S.C. § 2000e discrimination and retaliation claims, all warrant an approved rate of $200 per hour, multiplied by the hours I have requested as exhibited by

the attached time records. I further request that this Court award gross receipts tax, plus post-judgment interest on this amount.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Whitney Warner

**SUBSCRIBED AND SWORN TO** before me this 6th day of May, 2004 by Whitney Warner

_____
Notary Public

My Commission Expires:

11/23/06

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

BARBARA (JEANA) WALTON,

    Plaintiff,

v.

    CIV NO. 01 1337 LH/WDS

WASTE MANAGEMENT OF NEW
MEXICO, INC., a corporation,

    Defendant.

## AFFIDAVIT OF CHRISTOPHER M. MOODY

STATE OF NEW MEXICO )
                    ) ss.
COUNTY OF BERNALILLO )

Christopher M. Moody, being first duly sworn upon his oath, hereby deposes and states:

1. I, along with co-counsel, represent the Plaintiff, Barbara Jeanna Walton, in the above-styled cause. I make this affidavit for the purpose of presenting information to the Court in support of Plaintiff's Motion for Attorneys' Fees and Costs under 42 U.S.C. 2000e-5(k) and 42 U.S.C. § 1988.

2. In May 1983, I received my Juris Doctorate, with honors, from Duke University.

3. I have been licensed to practice law in the State of New Mexico since September 1983, and, with the exception of one year, I have practiced law continuously in New Mexico since that time.



EXHIBIT 2

4. Since 1983, I have been engaged in private practice. For the past eleven years I have limited my practice primarily to employment law and civil rights work, for both employers and plaintiff's alike.

5. I have tried numerous civil rights cases to juries in both state and federal court, and have settled numerous other such cases subsequent to discovery and dispositive motions, and prior to trial. I have briefed and argued a number employment law and civil rights issues in the Tenth Circuit Court of Appeals and in the New Mexico Court of Appeals and Supreme Court.

6. My participation in this case was primarily devoted to the jury trial. This was due in part to counterbalance Defendant's reliance on the skill, experience and services of two veteran law partners from the reputable out of state law firm of Brown & Bain who brought with them almost thirty years of trial and litigation experience.

7. During the twenty-one years of my practice, I have regularly written, participated in, and lectured at numerous seminars and CLE programs concerning employment law issues and civil rights law and litigation.

8. I have for many years subscribed to, read and utilized several publications on employment law and civil rights law and litigation.

9. Since approximately January 2002 the standard rate at which I have been retained to represent plaintiffs has been $250 per hour.

10. I am personally knowledgeable regarding the market for Attorneys in the Albuquerque area. The aforementioned standard hourly rates are well within the market range for an attorney of my skill and experience.

11. An award to me in this matter of $250.00 per hour is a very reasonable award given the contingent risk of cases such as this, my particular expertise and my knowledge of hourly rates for lawyers of comparable skill and experience handling similar types of complex federal litigation, my knowledge of the current prevailing hourly rates in the New Mexico legal community for comparable complex litigation services, and my understanding of the hourly rates Defendant's numerous out of state counsel charged for the same legal services they rendered in the State of New Mexico in this case. I know, for example, that local attorney Paul Kennedy, was awarded $275.00 per hour in a Title VII hostile work environment claim by United States Magistrate Judge Richard Puglisi, sitting as a stipulated Article 3 Judge in <u>Chavez v. Thomas Betts Corp. et al.</u>, CIV NO. 01-1314 RLP/WDS, even though the plaintiff in that case was ultimately successful on only one civil rights claim.

12. In addition, my exercise of billing judgment in this matter, and that of our law firm, has been conservative, and as in all of our other cases, our actual billing is conservative.

13. I have kept accurate time records throughout my participation in this case contemporaneously with the time spent and the attached

statement is a true and correct account of the time I worked on this case. As documented by the attached statement, thus far, I have spent a total of 150.1 hours working on this case. The hours I spent working on this case were conservatively billed, reasonable, and necessary.

14. I believe that my background, knowledge, experience, skill, normal billable rates, the market rates of attorneys of similar skill and experience, together with the ultimately successful litigation of both Ms. Walton's 42 U.S.C. § 1981 discrimination and retaliation claims and her 42 U.S.C. § 2000e discrimination and retaliation claims, all warrant an approved rate of $250 per hour, multiplied by the hours I have requested as exhibited by the attached time records. I further request that this Court award gross receipts tax, plus post-judgment interest on this amount.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Christopher M. Moody

SUBSCRIBED AND SWORN TO before me this 1st day of May, 2004 by Christopher M. Moody.

CONNIE M. ROYBAL
Notary Public
State of New Mexico
My Comm. Expires 8-15-04

_____
Notary Public

My Commission Expires:

_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**BARBARA (JEANA) WALTON,**

        **Plaintiff,**

v.

CIV NO. 01 1337 LH/WDS

**WASTE MANAGEMENT OF NEW MEXICO, INC., a corporation,**

**Defendant.**

## AFFIDAVIT OF REPPS D. STANFORD

STATE OF NEW MEXICO  )
                            ) ss.
COUNTY OF BERNALILLO )

Repps D. Stanford, being first duly sworn upon his oath, hereby deposes and states:

1. I, along with co-counsel, represent the Plaintiff, Barbara Jeanna Walton, in the above-styled cause. I make this affidavit for the purpose of presenting information to the Court in support of Plaintiff's Motion for Attorneys' Fees and Costs under 42 U.S.C. 2000e-5(k) and 42 U.S.C. § 1988.

2. I received my bachelor's degree from Vanderbilt University in May 1991. I received my Juris Doctorate from the University of New Mexico School of Law in May 2002.

2. From June 2001 until September 2002, I worked as a law clerk with Christopher Moody and Whitney Warner, devoting the majority of my clerk time to matters in employment law, including civil rights law and litigation.



EXHIBIT 3

3. I successfully passed the New Mexico Bar in the summer of 2002 and have been licensed to practice law in the State of New Mexico since September 2002 and in the Tenth Circuit Court of Appeals since October 2003.

4. The vast majority of my practice has consisted of employment law, including a number of matters involving civil rights law and litigation. To date, I have successfully litigated, settled and defended several cases, both novel and complex, involving civil rights litigation. I have jury trial experience both in private practice and as an Assistant District Attorney. I recently completed appellate briefing in the Tenth Circuit Court of Appeals on a complex case involving civil rights litigation.

5. I am a member of the Employment and Labor Law Section of both the State Bar of New Mexico and the American Bar Association.

6. I have written for, and participated in, a number of seminars and CLE programs concerning employment issues and civil rights law and litigation.

7. The hourly rate of $150.00 is fair and reasonable for the experience and training that I have in the area of employment law and litigation.

8. I have kept accurate time records throughout my participation in this case contemporaneously with the time spent. To date, I have spent a total of 297.7 hours working on this case. The hours I spent working on this case were conservatively billed, reasonable, and necessary.

9. I believe that my background, knowledge, experience, skill, normal billable rates, the market rates of attorneys of similar skill and experience, together with the ultimately successful litigation of both Ms. Walton's 42 U.S.C. § 1981 discrimination and retaliation claims and her 42 U.S.C. § 2000 discrimination and retaliation claims, all warrant an approved rate of $150.00 per hour, multiplied by the hours I have requested.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Repps D. Stanford

**SUBSCRIBED AND SWORN TO** before me this 6th day of May, 2004 by Repps D. Stanford

OFFICIAL SEAL
CONNIE M ROYBAL
Notary Public
State of New Mexico
My Comm. Expires 8-13-06

_____
Notary Public

My Commission Expires:

_____

**THE EXHIBITS ATTACHED TO THIS PLEADING ARE TOO VOLUMINOUS TO SCAN. SAID EXHIBITS ARE ATTACHED TO THE ORIGINAL PLEADING IN THE CASE FILE WHICH IS LOCATED IN THE RECORDS DEPARTMENT, U.S. DISTRICT COURT CLERK'S OFFICE...**