# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BARBARA (JEANA) WALTON,

      Plaintiff,

  -vs-                                                                   Civ. No. 01-1337 LH/WDS

WASTE MANAGEMENT OF NEW MEXICO,
INC., a corporation,

      Defendant.

## **MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Plaintiff's Motion for Attorneys' Fees (Docket No. 159). The Court, having considered the Motion and supplement, the memoranda of the parties, and the applicable law, and otherwise being fully advised, finds that it is well taken in the most part and will be **granted** as described below.

### BACKGROUND

      Plaintiff brought suit against Waste Management of New Mexico, Inc. on November 27, 2001, alleging claims of hostile work environment, disparate treatment based on sex and race discrimination, retaliation, and retaliatory discharge, pursuant to Title VII, 42 U.S.C. § 1981, and New Mexico common law. On June 24, 2002, the parties stipulated to dismissal of Plaintiff's hostile work environment claim. Plaintiff filed her First Amended Complaint on January 22, 2003, adding a claim of intentional spoliation of evidence.

At a motions hearing on February 25, 2004, the Court granted Defendant's Motion for Summary Judgment on all claims of discrimination or disparate treatment based on sex, Plaintiff's claim of race discrimination or disparate treatment in not being granted an exit interview, and her claims of constructive discharge, retaliatory discharge, and intentional spoliation of evidence. The Court also denied Plaintiff's Motion for Leave to Amend Her Complaint to Add Waste Management, Inc. as a Defendant as untimely and prejudicial.

Plaintiff's remaining claims of racial discrimination in her hire, disparate treatment based on race, and retaliation were tried to before a jury on March 22-26, 2004. The Jury found in favor of Plaintiff on each of these claims and awarded her damages for lost benefits and wages in the amount of $6,625, compensatory damages of $125,000, and punitive damages of $500,000, for a total of $631,625. The Court subsequently denied Defendant's post-trial motion for judgment as a matter of law, a new trial, and remittitur.

In her Motion for Attorneys' Fees Plaintiff seeks fees in the amount of $205,470.00. She has supplemented this request with additional fees for post-trial matters in the amount of $21,200.00, for a total of $226,670.00. These fees are allocated as follows:

| Name | Hours | Hourly Rate | Total |
|---|---|---|---|
| Christopher M. Moody | 174.80 | $250.00 | $43,700.00 |
| Whitney Warner | 612.80 | $200.00 | $122,560.00 |
| Repps Stanford | 396.40 | $150.00 | $59,460.00 |
| Legal Assistants | 19.00 | $50.00 | $950.00 |

# DISCUSSION

Pursuant to 42 U.S.C. § 1988, in proceedings in vindication of civil rights "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b). In determining a reasonable fee, "the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiff['s] counsel reasonably spent on the litigation by a reasonable hourly rate." *Case v. Unified Sch. Dist. No. 233, Johnson County*, 157 F.3d 1243, 1249 (10th Cir. 1998)(quoting *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995)(internal quotations omitted)). "Other factors are also relevant, including the reasonableness of the fees in light of the success obtained, which requires the district court to consider 'the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigations.'" *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)). As such awards are not a voluntary matter, "fee awards under federal fee-shifting statutes come under close scrutiny." *Praseuth*, 406 F.3d at 1257(citing *Mann v. Reynolds*, 46 F.3d 1055, 1062 (10th Cir. 1995)).

**Prevailing Party**

"A plaintiff who 'succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit' is a 'prevailing party.'" *Case*, 157 F.3d at 1249 (quoting *Hensley*, 461 U.S. at 433 (internal quotations omitted, alteration in original)). Defendant does not dispute, and the Court finds, that Plaintiff was a prevailing party in this matter.

**Lodestar Analysis**

"The proper procedure for determining a reasonable attorneys' fee is to arrive at a lodestar figure by multiplying the hours plaintiff's counsel reasonably spent on the litigation by a reasonable

hourly rate." *Praseuth*, 406 F.3d at 1257 (citing *Case*, 157 F.3d at 1249). The fee applicant "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Case*, 157 F.3d at 1249 (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986)(quoting *Hensley*, 461 U.S. at 437)).

The Court notes that Defendant has not challenged Plaintiff's request fees totaling $950.00 for the services of Legal Assistants. The Court finds this amount reasonable and it will be awarded. Neither has Defendant objected to payment of gross receipts taxes and the Court finds that their recovery is reasonable and will be awarded.

Reasonable Hours

"Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id*. at 1250 (citing *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983), *overruled on other grounds, Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987)). To satisfy this burden, "Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures." *Hensley*, 461 U.S. at 437 n.12. Given adequate time records, the Court

> must then ensure that the winning attorneys have exercised "billing judgment." Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended. Hours that an attorney would not properly bill to his or her client cannot reasonably be billed to the adverse party, making certain time presumptively unreasonable.

*Case*, 157 F.3d at 1250 (quoting *Ramos*, 713 F.2d at 553)(internal citations and quotations omitted).

In addition to "examining specific tasks and whether they are properly chargeable," the Court also looks "at the hours expended on each task[:]

> In determining what is a reasonable time in which to perform a given task or to prosecute the litigation as a whole, the court should consider what is reasonable in a particular case can depend upon facts such as the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side.  Another factor the court should examine in determining the reasonableness of hours expended is the potential duplication of services.  'For example, [if] three attorneys are present at a hearing when one would suffice, compensation should be denied for the excess time.' . . . The court can look to how many lawyers the other side utilized in similar situations as an indication of the effort required.

*Id.* (quoting *Ramos*, 713 F.2d at 554)(omissions in original).  The Court also may "reduce the reasonable hours awarded if 'the number [of compensable hours] claimed by counsel include[s] hours that were unnecessary, irrelevant and duplicative.'" *Id.* (quoting *Carter v. Sedgwick County, Kan.*, 36 F.3d 952, 956 (10th Cir. 1994)(alterations in original)).

The Court is "not required to identify and justify each disallowed hour, and there is no requirement that [it] announce what hours are permitted for each legal task." *Praseuth*, 406 F.3d at 1259 (citing *Case*, 157 F.3d at 1250)).  Thus, it is not erroneous for the Court to impose "a general reduction of hours claimed in order to achieve what [it] determines to be a reasonable number . . . , so long as there is sufficient reason for its use." *Case*, 157 F.3d at 1250 (quoting *Mares*, 801 F.2d at 1203).

Defendant argues that Plaintiff's request for attorneys' fees is excessive because it includes time not reasonably spent on this litigation.  Specifically, Defendant objects to 1) block billing and vague descriptions of work performed; 2) time spent on unsuccessful issues and claims, including attempting to add Waste Management's parent company as a defendant, a withdrawn Motion to

5

Compel Discovery, the unused deposition of George Kachirisky, efforts toward disqualifying and deposing Kandace Majoros, neither of which took place, dealing with improper disclosure of confidential settlement and work product information in Plaintiff's original Reply to Motion for Attorneys' Fees, which Plaintiff subsequently withdrew, and time allocated to the fee affidavit of "attorney C. Mullins," which was not used in Plaintiff's fee application; 3) excessive hours spent on certain tasks and unnecessary use of multiple attorneys; 4) counsel billing for administrative/clerical work that should not have been performed by attorneys; and 5) fees associated with the parties' voluntary private mediation.

      Defendant first argues for a reduction of fees on grounds that certain identified time entries evidence block billing and provide only vague descriptions of the work performed. Having reviewed the time records submitted by Plaintiff, the Court does not find that they are sloppy or imprecise or that they inadequately document how the large blocks of time were used. The fee request will not be reduced on this basis.

      The Court is similarly unimpressed by Defendant's argument that fees should not be awarded for time spent on Plaintiff's state law retaliatory constructive discharge claim and constructive discharge claims under § 1981 and Title VII. Although acknowledging that these claims were predicated on the same core of facts applicable to all her claims, Defendant maintains that their dismissal on summary judgment significantly reduced Plaintiff's potential damages recovery by eliminating any front or back pay award, thereby presumably requiring a reduction in attorneys' fees.

      It is true, of course, that Plaintiff recovered only $6,625.00 in lost wages. She had excellent results in this litigation, however, prevailing on all of her claims that were tried to the Jury and achieving a total damages award of $631,625.00. In any case, "[s]uccessful litigants may, in good

6

faith raise alternative legal grounds for a desired outcome and the court's rejection or failure to reach certain grounds does not require reduction of the fee." *Praseuth*, 406 F.3d at 1258-59 (citing *Hensley*, 461 U.S. at 435). The challenged claims here were not "distinct in all respects from the successful claims," *id.* at 1259 (quoting *Chavez v. Thomas & Betts Corp.*, 396 F.3d 1088, 1103 (10th Cir. 2005)), but rather, admittedly involved a common core of facts and related legal theories and the Court will not reduce the fees awards on this ground, *see Whalen v. Unit Rig, Inc.*, 974 F.2d 1248, 1254 (10th Cir. 1992). The same reasoning applies to the extent Defendant seeks exclusion of hours attributable to Plaintiff's claim for hostile work environment, dismissal of which was stipulated to by the parties on June 24, 2002. The Court, however, will reduce Attorney Stanford's hours by the 3.90 hours he expended on the constructive discharge issue on March 21 and 22, 2004, subsequent to the Court's granting summary judgment to Defendant on this claim on February 25, 2004.

Defendant brings the same argument regarding Plaintiff's pursuit of several other issues and claims that were ultimately unsuccessful. The first of these is Plaintiff's unsuccessful attempts to add Waste Management's parent company as a defendant in this case. The Court denied Plaintiff's Motion for Leave to Amend Her Complaint to Add Waste Management, Inc. as a Defendant on February 25, 2004. Plaintiff in essence leaves it to the Court's discretion whether the hours requested should be reduced to reflect her loss on this issue.

For the reasons stated above, the Court will not reduce the hours expended on this issue prior to February 25, 2004. Plaintiff continued to pursue this issue, however, in her pretrial preparation and at trial, submitting approximately 40 proposed trial exhibits and a proposed jury instruction and attempting to introduce evidence of the parent company's financial condition at trial. Attorneys Warner's and Stanford's billing records include references to work on this issue on March 1, 3, 11,

and 17, 2004. While it is not possible to determine the exact time each spent on this issue, the Court finds it appropriate to reduce each attorney's block billing by half on these occasions, resulting in a deduction of 5.40 hours for Mr. Stanford and 6.80 hours for Ms. Warner.

Plaintiff filed a motion to compel discovery responses on April 2, 2003, and withdrew it on April 11, 2003, after Defendant objected that the motion had been filed without first engaging in the good faith consultation with opposing counsel required by FED. R. CIV. P. 37(a)(2)(B). The Court agrees with Defendant that time attributable to this motion may be deducted. Although Plaintiff claims to have excluded this time, except for minimal time entered by Ms. Warner on April 2, 2003, this subject also appears on her billings for April 10 and 11, 2003. Accordingly, the block billing for each of these entries will be reduced by half, resulting in a deduction of 4.55 hours for Ms. Warner.

Defendant next argues that time should be deducted for preparation for and the taking of the deposition of George Kachirisky and for time expended regarding the disqualification and deposition of Kandace Majoros, counsel for Defendant. The Court agrees with Plaintiff that the hours expended regarding these individuals were reasonably necessary for use in this case. Significantly, not only did Defendant list both as potential witnesses in the Pretrial Order, but it also included them as potential witness on its final witness list filed March 5, 2004.

Defendant also contends that hours spent on some tasks were excessive and that Plaintiff made unnecessary use of multiple attorneys. Plaintiff does not address the former argument, commenting only that the Court can reduce time it believes to be excessive. Having reviewed the challenged entries, the Court is not inclined to reduce these hours as excessive. Additionally, regarding the use of multiple attorneys, the Court must note that Defendant utilized more than one lawyer in brief preparation, at hearings, and at trial. This fact is one indication of the effort required

8

and the reasonableness of the use of more than one attorney by Plaintiff. *See Ramos*, 713 F.2d at 554. Thus, the Court will not reduce the hours expended on this basis.

Defendant next objects that Plaintiff's counsel have unreasonably billed for administrative and clerical work that should not have been performed by attorneys. Plaintiff responds that although such activities may be included in a few select entries, time expended on such tasks was minimal at best and would not justify wholesale exclusion of those hours, and defers to the Court's discretion. The Court agrees and will subtract 0.10 hours for each entry clearly reflecting such clerical activities as reviewing and updating the docket, preparing telecopies, faxes, certificates of service, and mailings, attempting to make telephone calls, and making travel and scheduling arrangements It will not, however, deduct for utilizing voicemail and email, conducting telephone conferences with the Court's and opposing counsel's staff on substantive matters, and reviewing letters. Accordingly, Mr. Moody's hours will be reduced by 0.10, Ms. Warner's by 2.20, and Mr. Stanford's by 0.10.

Defendant's final objection to the hours billed in the Motion is that Plaintiff should not recover fees associated with the parties' voluntary private mediation. The court is not convinced by Defendant's argument and agrees with Plaintiff that these fees were reasonably and necessarily incurred in this litigation.

With regard to the Supplement to Plaintiff's Motion for Attorneys' Fees, Defendant first objects to the inclusion of 10.1 hours of attorney time relating to Plaintiff's allegedly improper disclosure of confidential settlement and work product information. In her original Reply to Motion for Attorneys' Fees (Docket No. 171), Plaintiff referred to the existence and exact amount of an offer of judgment Waste Management made pursuant to FED. R. CIV. P. 68 and to Waste Management's pretrial mock jury exercise, for which participating jurors signed non-disclosure agreements to

9

protect Waste Management's confidential work product. According to Plaintiff's assertion in her Notice of Withdrawal and Substitution of Plaintiff's Reply to Motion for Attorneys' Fees and Notice of Completion of Briefing on Motion for Attorneys' Fees (Docket No. 176), after the parties conferred to resolve their disagreement over disclosure of these matters, Plaintiff agreed to withdraw her originally filed Reply and filed an amended reply (Docket No. 175).

The Court agrees with Defendant that the time spent by Plaintiff's attorneys resolving this issue in Defendant's favor should be excluded. *See, e.g.*, FED. R. CIV. P. 68 ("An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs."); FED. R. EVID. 408 ("Evidence of conduct or statements made in compromise negotiations is . . . not admissible.") Therefore, Mr. Moody's hours will be reduced by 4.20, Ms. Warner's hours will be reduced by 0.90, and Mr. Stanford's hours will be reduced by 5.00.

As with the original Motion, Defendant also contends that excessive hours were spent on certain tasks and that Plaintiff made unnecessary use of multiple attorneys. Again, having reviewed these entries, the Court will not reduce these hours as excessive. Finally, Plaintiff has agreed to the withdrawal of 0.70 hours expended by Mr. Stanford on procuring an affidavit on fees that was not submitted to the Court.

Reasonable Hourly Rate

The Court must "base its hourly rate award on what the evidence shows the market commands for civil rights or analogous litigation." *Case*, 157 F.3d at 1255 (citing *Beard v. Teska*, 31 F.3d 942, 955-57 (10th Cir 1994)). The fee applicant bears the burden to show that the requested rates are reasonable, that is, that they "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Ellis v. Univ. of*

*Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998). Thus, "[t]he first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time." *Case*, 157 F.3d at 1256 (citing *Ramos*, 713 F.2d at 555). Appropriate market evidence "includes affidavits submitted by the parties and other reliable evidence of local market rates for civil rights litigation at the time fees are awarded." *Id.* The quality of the a lawyer's performance must also be considered, however. *Id.* at 1257. Thus, the Court "may lower rates normally charged by attorneys who have not shown that they are experts in civil rights or analogous litigation, [and c]onversely . . . may also grant a rate higher than the attorney's traditional rate if the market so dictates." *Id.* (citing *Ramos*, 713 F.2d at 555; *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir. 1994)).

The Court must first comment that this case was aggressively and well litigated by the attorneys on both sides. Plaintiff has submitted her counsels' affidavits and those of two experienced and respected attorneys in the community, in addition to four recent District of New Mexico cases, in support of the requested hourly rates. The only affidavit submitted by Defendant was that of its local counsel, who attests to receiving $180.00 per hour for services delivered in that capacity.

The Court has examined these affidavits and is aware of current decisions on this issue in this District. The affidavits of Mr. Moody and Ms. Warner, coupled with those of J. Douglas Foster and William C. Madison, convince the Court that their requests of $250.00 and $200.00 per hour, respectively, are appropriate. Mr. Moody has practiced law in this community for twenty-one years and has limited his practice primarily to employment law and civil rights work for the past eleven

11

years. He is an experienced trial litigator and devoted himself primarily to the trial in this case. He has charged plaintiffs a standard rate of $250.00 per hour since January 2002 and attests from personal knowledge that this rate is well within the market rate for an attorney of his skill and experience in the Albuquerque area.

Ms. Warner has practiced primarily in the areas of employment and civil right law since 1998. She worked in the area of human resources prior to attending law school, from which she graduated with honors. Ms. Warner was lead counsel in this case and achieved excellent results for her client. Although she may not be as experienced in years of practice as the other trial attorneys involved in this case, the Court considers her to be a skilled advocate who should be compensated accordingly.

Mr. Foster and Mr. Madison both attest to the appropriateness of the rates sought by Mr. Moody and Ms. Warner. They are personally familiar not only with their work, experience, and reputations within the legal community of employment law, and particularly employment discrimination and retaliation under federal and state law, but also with the prevailing markets rates in the community for services similar to those rendered in this case by lawyers of reasonably comparable skill, experience, and reputation. In addition, Mr. Madison served as a mediator in this lawsuit and attests to the competent, diligent representation of both parties at the highest levels. Thus, the Court finds that Plaintiff has provided competent, trustworthy evidence as to prevailing market rates for attorneys fees for analogous litigation in Albuquerque before the United States District Court and finds the rates to be awarded to Mr. Moody and Ms. Warner appropriate.

The Court, however, does not find the $150.00 per hour rate requested by Mr. Stanford to be reasonable. It must first be noted that Mr. Stanford is an inexperienced lawyer, having been admitted to the practice of law in September 2002, during the pendency of this litigation.

Significantly, Mr. Foster is not personally familiar with him or his work and Mr. Madison is not as professionally familiar with him as he is with Ms. Warner and Mr. Moody. Both Mr. Foster and Mr. Madison ascribe their familiarity with Mr. Stanford's reputation merely to the fact that he is associated with Mr. Moody and Ms. Warner and make no mention of his experience or skill. Additionally, comparably hourly rates awarded in other District of New Mexico cases cited by Plaintiff do not support an award of $150.00 per hour to Mr. Stanford. In the only case which Plaintiff cites for the work of associates, *Chavez v. Thomas & Betts Corporation*, Civ. No. 01-1314 RLP/WDS, various attorneys in practice since 1994, 1997, and 1999 were awarded respectively, $150.00, $185.00, and $150.00. Another attorney, about whom no information was provided, was awarded $150.00 for one hour worked. Defendants did not object to any of these requests.

In her affidavit provided by Defendant, Ms. Wiggins attests to billing a rate of $125.00 per hour for lawyers in her office with less than three years of legal experience. The Court adopts this figure as a reasonable hourly rate for an attorney of Mr. Stanford's experience in this community.

Other Factors

"The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Hensley*, 461 U.S. at 434.

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. . . . If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith.

13

*Id.* at 435-36. Neither party has argued other circumstances justifying adjustment to the lodestar figure and the Court finds no reason to disturb the amounts determined above.

**OTHER EXPENSES**

Reasonable expenses that are usually billed in addition to the attorney's hourly rate should be included in the attorneys' fee award. *Case*, 157 F.3d at 1257 (citing *Ramos*, 713 F.2d at 559). The fee applicant bears the burden of establishing the amount of compensable expenses. *Id.* (citing *Mares*, 801 F.2d at 1208).

In her Motion for Attorneys' Fees Plaintiff requests that she be compensated for reasonable costs as fees that might be denied in her Motion to Tax Costs. Having reviewed the Clerk's Order Settling Costs, the Court finds that legal research fees of $494.69 denied therein are reasonable and therefore compensable as fees. *See Case*, 157 F.3d at 1257-58.

**CONCLUSION**

Plaintiff will be awarded the following attorneys' fees for the reasons discussed above:

| Name | Hours | Hourly Rate | Total |
|---|---|---|---|
| Christopher M. Moody | 170.50 | $250.00 | $42,625.00 |
| Whitney Warner | 598.35 | $200.00 | $119,670.00 |
| Repps Stanford | 381.30 | $125.00 | $47,662.50 |
| Legal Assistants | 19.00 | $50.00 | $950.00 |
| Legal Research Fees | | | $494.69 |
| **Fee Total:** | | | **$211,402.19** |
| **New Mexico Gross Receipts Tax @ 6.75%** | | | **$14,269.65** |
| **GRAND TOTAL** | | | **$225,671.84** |

WHEREFORE,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorneys' Fees (Docket No. 159) is **GRANTED** in the amount of **$225,671.84**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**